IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| GUSTAVO REYNAGA BONILLA, | Case No.: 3:24-cv-00377-AN |
| Plaintiff, | |
| v. | |
| CAPITAL ONE, NATIONAL ASSOCIATION, | OPINION AND ORDER |
| Defendant. | |

Self-represented plaintiff Gustavo Reynaga Bonilla brings this action against defendant Capital One, National Association, alleging breach of contract, breach of fiduciary duty, and violations of various federal statutes.

Numerous motions are pending before the Court. Defendant moves to dismiss the action. Plaintiff moves for leave to amend the complaint, to strike his response to the motion to dismiss, to withdraw the motion to strike, and to amend his response. After reviewing the motions, the Court finds this matter appropriate for decision without oral argument. Local R. 7-1(d). For the reasons stated herein, the motion to dismiss is GRANTED. The motion for leave to amend the complaint is DENIED. All other pending motions are DENIED as moot.

## LEGAL STANDARD

### A.    Federal Rule of Civil Procedure 12(b)(6)

To survive a Federal Rule of Civil Procedure ("FRCP") 12(b)(6) motion to dismiss for failure to state a claim, a complaint must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); Fed R. Civ. P. 12(b)(6). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The court "must accept as true all factual

allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party." *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). Bare assertions that amount to mere "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Iqbal*, 556 U.S. at 681.

In ruling on an FRCP (12)(b)(6) motion to dismiss, a court may consider only "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). A court may also consider "a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned." *Id.*

The court must construe pleadings by *pro se* plaintiffs liberally and must give them the benefit of any doubt. *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 624 (9th Cir. 1988). Before dismissing a complaint, a court must give a statement of the complaint's deficiencies and must give leave to amend the complaint unless it is "'absolutely clear'" that the deficiencies could not be cured by amendment. *Id.* (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)).

**B.      Federal Rule of Civil Procedure 15(a)**

If more than twenty-one days have passed since the complaint was served or a responsive motion under FRCP 12(b) was filed, a plaintiff may only amend their complaint with the opposing party's consent or the court's leave, "when justice so requires." Fed. R. Civ. P. 15(a)(1). Courts should consider whether there is undue delay, bad faith, repeated failures to cure deficiencies in previous amendments, undue prejudice to the opposing party, or if amendment would be futile. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051-52 (9th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## BACKGROUND

Plaintiff alleges that his credit card account with defendant was closed for fraudulent payment activity after he sent a "bill of exchange" to defendant with instructions to "offset the account." Compl., ECF [2], ¶¶ 10, 14-16. He appears to suggest that the billing statements issued by defendant are

"bills of exchange." *Id.* ¶¶ 28-41.[1]  After the account was closed, plaintiff "communicated to Capital One in writing their responsibility to honor negotiable instruments as it is a valid form of legal tender pursuant to UCC 3-104" and sent another "bill of exchange" to defendant.  *Id.* ¶¶ 18-19.  Defendant did not accept or reopen the account.  *Id.* ¶ 20.  Plaintiff then informed defendant that it was "in dishonor pursuant to UCC 3-503" and sought again to resolve the account.  *Id.* ¶ 21.

Plaintiff brings claims for breach of contract, *id.* ¶¶ 48-53; breach of fiduciary duties, *id.* ¶¶ 54-67; violations of 12 U.S.C. § 504, *id.* ¶¶ 68-70; violations of 18 U.S.C. § 1956, *id.* ¶¶ 71-74; violations of 18 U.S.C. § 2314, *id.* ¶¶ 75-79; securities and commodities fraud in violation of 18 U.S.C. § 1348, *id.* ¶¶ 80-89; peonage in violation of 18 U.S.C. § 1581, *id.* ¶¶ 90-94; enticement into slavery in violation of 18 U.S.C. § 1583, *id.* ¶¶ 95-102; sale into involuntary servitude in violation of 18 U.S.C. § 1584, *id.* ¶¶ 103-12; and benefiting financially from peonage, slavery, and trafficking in persons in violation of 18 U.S.C. § 1593A, *id.* ¶¶ 113-19.  He demands forgiveness of his credit card debt, an upgrade to a Venture X Rewards credit card with no credit limit, and $50,000,000.00 in damages.  *Id.* ¶¶ 120-23.

Defendant moved to dismiss the complaint for failure to state a claim.  Mot. to Dismiss, ECF [11].  Plaintiff opposes the motion, Pl.'s Resp., ECF [12], and moved to strike the motion for failure to comply with the Local Rules.  Mot. to Strike, ECF [13].  Plaintiff subsequently moved to withdraw the motion to strike and sought leave to amend his opposition to the motion to dismiss.  Pl.'s Mot. to Amend Resp. and Withdraw Mot. to Strike, ECF [16]; Pl.'s Mot. to Withdraw Mot. to Strike, ECF [21].

Before any motions were resolved, plaintiff moved for leave to amend his complaint.  Pl.'s Mot. for Leave to Amend, ECF [22].

---

[1] Defendant clarifies that plaintiff sent it his own billing statements with instructions that they be used as a "negotiable instrument" to pay his credit card balance.  Mot. to Dismiss, ECF [11], at 5.

## DISCUSSION

### A.    Motion to Dismiss

####    1.    *Breach of Contract*

Defendant argues that plaintiff has failed to state a claim for breach of contract.  Mot. to Dismiss 7.  To state a claim for breach of contract, plaintiff must allege the existence of a contract, the relevant terms, plaintiff's full performance and lack of breach, and defendant's breach resulting in damages. *Slover v. Or. State Bd. of Clinical Soc. Workers*, 144 Or. App. 565, 570, 927 P.2d 1098 (1996).

Plaintiff alleges that he had a credit card account with defendant, implying the existence of some sort of agreement between the parties.  He does not, however, plead the existence of any relevant terms requiring defendant to accept plaintiff's "bill of exchange" as a form of payment.  Plaintiff also fails to plead his own full performance, which presumably would require tender of a valid form of payment, lack of breach, or a breach by defendant resulting in damages.  Accordingly, this claim is dismissed.

####    2.    *Breach of Fiduciary Duty*

Defendant argues that plaintiff has failed to state a claim for breach of fiduciary duty.  Mot. to Dismiss 8.  To state a claim for breach of fiduciary duty, plaintiff must allege the existence of a fiduciary duty, breach of that duty, and resulting damage.  *Smith v. U.S. Bank, N.A.*, No. 10-3077-CL, 2011 WL 2470100, at *13 (D. Or. Apr. 22, 2011) (citing *Pereira v. Thompson*, 230 Or. App. 640, 654, 217 P.3d 236 (2009)), *report and recommendation adopted*, No. 1:10-CV-03077-CL, 2011 WL 2469729 (D. Or. June 20, 2011).  A fiduciary duty only exists if there is a special relationship between the parties.  *Bennett v. Farmers Ins. Co. of Or.*, 332 Or. 138, 160, 26 P.3d 785 (2001).

Plaintiff makes the conclusory allegation that defendant has a "fiduciary duty to the financial success of" plaintiff but does not explain the basis for this, or any other, fiduciary duty.  Compl. ¶ 56.  Under Oregon law, "[a]rms-length relationships between a bank and a customer or between a borrower and a creditor do not support a tortious breach of duty claim." *Rapacki v. Chase Home Fin. LLC*, No. 3:11-CV-185-HZ, 2012 WL 1340119, at *3 (D. Or. Apr. 17, 2012) (citing *Uptown Heights Assocs. Ltd. P'Ship v. Seafirst Corp.*, 320 Or. 638, 648-50, 891 P.2d 639 (1995)).  Plaintiff's allegations describe a

relationship between a bank and a customer, which is insufficient to state a claim for breach of fiduciary duty. Plaintiff's claim is, therefore, dismissed.

      3.    *Remaining Claims*

Plaintiff's remaining claims are brought under various federal statutes. Defendant argues that these claims should be dismissed because the statutes do not provide a private cause of action. Mot to Dismiss 9-11.

No private right of action exists for any of the statutes under which plaintiff asserts claims. *See Aaronson v. Kangarani*, No. 1:19-CV-00468-CL, 2019 WL 3490447, at *3 (D. Or. June 20, 2019) (no private cause of action under 18 U.S.C. § 1956), *report and recommendation adopted*, No. 1:19-CV-00468-CL, 2019 WL 3462540 (D. Or. July 31, 2019); *Nesbit v. Blue Streak Elecs.*, No. 3:20-CV-2255-JR, 2021 WL 1041192, at *2 (D. Or. Feb. 18, 2021) (no private cause of action under 18 U.S.C. § 2314), *report and recommendation adopted*, No. 3:20-CV-02255-JR, 2021 WL 1041118 (D. Or. Mar. 17, 2021); *Smith v. Osvaldik*, No. 1:23-CV-01488-HBK, 2023 WL 8698359, at *4 (E.D. Cal. Dec. 15, 2023) (no private cause of action under 18 U.S.C. § 1348); *Partin v. Gevatoski*, No. 6:19-cv-1948-AA, 2020 WL 4587386, at *3 (D. Or. Aug. 10, 2020) (no private cause of action under 18 U.S.C. § 1581); *McLaughlin v. CitiMortgage, Inc.*, 726 F. Supp. 2d 201, 220 (D. Conn. 2010) (no private cause of action under 18 U.S.C. § 1583); *Spinks v. Lewandowski*, No. 08-6266-AA, 2009 WL 1421209, at *1 (D. Or. May 20, 2009) (no private cause of action under 18 U.S.C. § 1584); *Compton v. Pavone*, No. 21-931, 2022 WL 1039966, at *1 (2d Cir. Apr. 7, 2022) (unpublished) (no private cause of action under 18 U.S.C. § 1589); *Stein v. World-Wide Plumbing Supply Inc.*, 71 F. Supp. 3d 320, 329 (E.D.N.Y. 2014) (no private cause of action under 18 U.S.C. § 1593A). Accordingly, plaintiff's remaining claims are dismissed.

**B.**    **Motion for Leave to Amend the Complaint**

Plaintiff moves for leave to amend his complaint. The proposed amendments appear to include an expanded explanation of why a credit card billing statement should be accepted as a payment in lieu of "Federal Reserve Notes" under a theory of "special indorsements" and assert that plaintiff himself "is able to legally create currency because it is a Federal Reserve member bank." Mot. for Leave to Amend,

Ex. 1, ¶¶ 15-47, 76-83.  The remaining claims repeat the same allegations as those in claims three through eleven of the operative complaint, but with new headings that omit the statutory bases asserted in the operative complaint.  *Id.* ¶¶ 99-142.

Plaintiff's motion is denied because the proposed amendments are futile.  Courts should deny a motion to amend if amendment would be futile.  *Carrico v. City & Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).  An amendment is futile if it is not sufficient to survive a motion to dismiss for failure to state a claim.  *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).  Plaintiff does not propose any additional allegations that correct the fundamental deficiencies in his breach of contract and breach of fiduciary duty claims.  For his remaining claims, plaintiff has simply changed the headings to remove the names of the statutes that do not provide a cause of action and replaced them with the names of various torts and, in one claim, deprivation of civil rights under 42 U.S.C. § 1983.  The allegations, however, remain identical.  Plaintiff has not attempted to allege the required elements of any of the new torts, nor has he alleged that defendant is acting under color of state law.

Although plaintiff does not explicitly identify himself as such, both the complaint and the proposed amended complaint are "replete with the legal-sounding but meaningless verbiage commonly used by adherents to the so-called sovereign-citizen movement."  *Sealey v. Branch Banking & Tr. Co.*, No. 2:17CV785-MHT-SMD, 2019 WL 1434065, at *2 (M.D. Ala. Feb. 21, 2019).  For example, plaintiff appears to subscribe to the "strawman" theory that a person's name, when spelled in all capital letters, refers to a separate legal entity, *see Monroe v. Beard*, 536 F.3d 198, 203 n.4 (3d Cir. 2008), frequently cites to the Uniform Commercial Code, and argues that a "promissory note" or similar document is a form of money, a meritless assertion that courts "have easily rejected."  *Bendeck v. U.S. Bank Nat'l Ass'n*, No. 17-00180 JMS-RLP, 2017 WL 2726692, at *4 (D. Haw. June 23, 2017).  Plaintiff's legal claims are frivolous and have been "rejected by countless federal courts."  *Caetano v. Internal Revenue Serv.*, No. 1:22-CV-00837-JLT-SAB, 2023 WL 3319158, at *4 (E.D. Cal. May 9, 2023) (collecting cases), *report and recommendation adopted*, No. 1:22-CV-00837-JLT-SAB, 2023 WL 4087634 (E.D. Cal. June 20, 2023).  Because these types of claims have been "consistently and thoroughly rejected by every branch of the government for

decades[,] . . . advancement of such utterly meritless arguments is now the basis for serious sanctions imposed on civil litigants who raise them." *United States v. Studley*, 783 F.2d 934, 937 n.3 (9th Cir. 1986).

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss, ECF [11], is GRANTED.  The Motion for Leave to Amend the Complaint, ECF [22], is DENIED.  This case is dismissed with prejudice because the complaint's deficiencies could not be cured by amendment.  The Motion to Strike, ECF [13], Motion to Amend Plaintiff's Response, ECF [16], and Motion to Withdraw Plaintiff's Motion to Strike, ECF [21], are DENIED as moot.

The Court finds that any appeal from this Order would not be taken in "good faith."  28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."); *see Coppedge v. United States*, 369 U.S. 438, 445 (1962) (defining good faith as objective determination that party's issues are not frivolous).  Therefore, plaintiff's *in forma pauperis* status is revoked.

IT IS SO ORDERED.

DATED this 26th day of July, 2024.

Adrienne Nelson
United States District Judge